IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DENISE BERKLEY,**

    Petitioner,

v.    Case No. 4:14cv429-RH/CAS

**UNITED STATES OF AMERICA,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

On or about August 14, 2014, Petitioner Denise Berkley, a federal prisoner proceeding pro se, filed a "Motion for Reconsideration 18 U.S.C. 3742(e) Post Sentencing Rehabilitation Programming." ECF No. 1. After direction by this Court, ECF No. 3, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 6. On March 18, 2015, Respondent filed an answer, with exhibits. ECF No. 13. Petitioner has not filed a reply, although given the opportunity to do so. *See* ECF No. 12.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned concludes the petition is moot and should be dismissed.

## Background

Petitioner Denise Berkley was a corporal in the U.S. Marine Corps when she was sentenced, in 2008, to twenty-five (25) years incarceration and a dishonorable discharge by a General Court-Martial, after she pled guilty to attempted pre-meditated murder in violation of Article 80 of the Uniform Code of Military Justice in connection with events that took place on or about August 14, 2007.   ECF No. 13 Exs. 1, 2.   Due to a pretrial agreement concerning sentence limitations, however, her term of imprisonment was ultimately limited to twelve (12) years.   *Id.* Ex. 3.   On July 27, 2010, Berkley was transferred from military custody to serve the remainder of her sentence in federal prison.   *Id.* Ex. 4.   At the time she filed this § 2241 petition, Berkley was incarcerated at the Federal Correctional Institution in Tallahassee, Florida.   *See* ECF Nos. 1, 6.

In her § 2241 petition, Berkley raises one ground, asserting she received various certificates during her incarceration, while participating in the Institution Achievement Program, and should therefore receive a reduction in her sentence.   ECF No. 6 at 3; *see* ECF No. 1 at 1-2.   Respondent filed an answer on March 18, 2105, asserting the petition should be dismissed because Berkley has not stated a claim cognizable

under § 2241 and has no constitutional right to clemency or parole. ECF No. 13 at 7.

A review of the website for the Federal Bureau of Prisons indicates Petitioner Berkley was released on August 17, 2015. See www.bop.gov/inmateloc/. Notably, Petitioner has not filed a change of address with this Court.

## Analysis

Whether an action is moot involves a jurisdictional issue because it implicates the Article III requirement of a live case or controversy. Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987). Upon expiration of a petitioner's sentence, "some concrete and continuing injury other than the now-ended incarceration" – some "collateral consequence" of the conviction – must exist to maintain the habeas action. Spencer v. Kemna, 523 U.S. 1, 7 (1998). See, e.g., U.S. ex rel. Graham v. U.S. Parole Comm'n, 732 F.2d 849, 850 (11th Cir. 1984) (holding federal prisoner's habeas corpus petition challenging regulations and decisions by U.S. Parole Commission was mooted by prisoner's release as his "ultimate objective in bringing the action was to obtain parole" and "[s]ince he has been released on parole in the interim, we find there no longer is a case or

controversy to litigate" as "[a] favorable decision on the merits would not entitle Graham to any additional relief"); Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986) (holding district court properly dismissed as moot state prisoner's § 2254 petition that alleged prison officials had unconstitutionally miscalculated his gain time credits, where prisoner was released from custody while petition was pending and prisoner had attacked only length of confinement, not underlying conviction).

Here, Petitioner Berkley's only objective in bringing this habeas action was a reduction in her sentence because of her participation in prison post-sentencing education and rehabilitation programs.   Even assuming she has stated a claim cognizable in a § 2241 proceeding, because she has since been released from incarceration, there is no longer a case or controversy to litigate.   Thus, this action is moot and should be dismissed.

## Conclusion

For the reasons stated above, this § 2241 petition is moot. Accordingly, the petition (ECF No. 6) should be **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on December 6, 2016.

                                     **S/ Charles A. Stampelos**
                                     **CHARLES A. STAMPELOS**
                                     **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.